**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JOSHUA LOUIS MAURER, | DOCKET NUMBER |
| Appellant, | PH-0845-22-0050-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: April 22, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kerra Maureen Maurer, Simsbury, Connecticut, for the appellant.

Tiffany Slade, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction this appeal from the final decision of the Office of Personnel Management (OPM) declining to waive an overpayment. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to correct the administrative judge's improper characterization of the OPM determination at issue as the denial of a retirement annuity and to address the parties' failure to respond to an order issued by the Clerk of the Board on review, we AFFIRM the initial decision.

## BACKGROUND

The appellant filed the instant appeal of OPM's final decision declining his request to waive his alleged receipt of an overpayment of $14,154.00 in Federal Employees' Retirement System disability retirement annuity benefits. Initial Appeal File (IAF), Tab 1 at 7-8. On February 8, 2022, OPM moved to dismiss the appeal, stating that it had "decided to rescind the . . . final decision." IAF, Tab 25 at 4. OPM further stated that "a refund was authorized" of the $300.00 it collected from the appellant's annuity for the period from December 1, 2021, through January 30, 2022, towards the overpayment. *Id.* OPM stated that, after the appeal was dismissed, it would "remand the case to the Legal Reconsideration Branch for further development" and "if applicable, the appellant [would] receive a final decision." *Id.*

The appellant filed an objection on the same day that OPM filed its motion. IAF, Tab 26. He argued, as relevant here, that OPM had not yet refunded the $300.00 it had previously withheld. *Id.* at 5-6. Also on the same day, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction, reasoning that OPM rescinded its final decision and stated its intent to issue a new decision. IAF, Tab 27, Initial Decision (ID).

The appellant has filed a petition for review of the initial decision, in which, among other things, he argues that OPM had not yet fully refunded him the $300.00 it had collected. Petition for Review (PFR) File, Tab 1 at 5. He requests that the Board not dismiss the appeal until OPM fully refunded the withholdings from his annuity and made no further withholding. *Id.* OPM has not responded to the petition for review.

Because the appellant's assertions raised a question as to whether OPM had restored the appellant to the status quo ante, the Office of the Clerk of the Board issued an order directing the appellant to indicate whether OPM had refunded him the $300.00 it withheld and whether it had ceased withholding the alleged overpayment from his annuity. PFR File, Tab 3 at 2. The order also directed OPM to file a response to the appellant's submission. *Id.* Neither party responded before the October 2022 deadline. On June 7, 2023, OPM submitted an untimely response in which it asserted and provided evidence that it refunded the $300 to the appellant. PFR File, Tab 4 at 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

If OPM completely rescinds its final decision, the Board no longer has jurisdiction over the appeal in which that decision is at issue. *Campbell v. Office of Personnel Management*, 123 M.S.P.R. 240, ¶ 7 (2016). To rescind a final overpayment decision, OPM must, among other things, refund any money that it already collected from the appellant to recoup the alleged overpayment. *Id.*, ¶ 8. Here, OPM stated below that it had rescinded its reconsideration decision,

authorized a refund of the $300.00 it collected, and would issue a new decision. IAF, Tab 25 at 4. In his petition for review, filed 1 day after OPM made this statement, the appellant stated that OPM had not yet refunded the money. PFR, Tab 1 at 5. Therefore, in September 2022, the Clerk of the Board issued an order seeking information from the appellant regarding the status of the refund issue. PFR File, Tab 3 at 2. The appellant has not responded to the Order to Show Cause. Given the passage of 7 months between the filing of the petition for review and the Clerk's order, and the appellant's failure to respond to the order, we assume that OPM has now processed the $300.00 payment to the appellant and has not made any additional withholdings for the alleged overpayment.[2] *See generally* 5 C.F.R. § 1201.56(b)(2)(i)(A) (reflecting that an appellant has the burden of proof on issues of jurisdiction). Accordingly, we affirm the administrative judge's determination that the Board lacks jurisdiction over the appeal.[3] Because we lack jurisdiction over the appeal, we are without authority to address the appellant's arguments regarding the merits of OPM's waiver determination. PFR File, Tab 1 at 5.

---

[2] Before filing its untimely response to the Clerk's Order asserting that it had refunded the $300, OPM did not file a motion seeking leave to do so from the Clerk's Office. *See* 5 C.F.R. § 1201.114(a)(5) (providing that, other than a petition, cross petition, responses to the petition and cross petition, and reply to a response to the petition, the Board will not accept pleadings on review unless a party files a motion with and obtains leave from the Clerk of the Board). Nor has it explained why it failed to meet the deadline. *See* 5 C.F.R. § 1201.114(f)-(g) (providing that, absent a prior extension, untimely pleadings on review must be accompanied by a motion that shows good cause for the untimely filing). Therefore, we have not considered OPM's untimely response to the Clerk's Order. PFR File, Tabs 3-4. In any event, as explained above, this submission would not change the outcome here.

[3] As the appellant correctly observes on review, the administrative judge improperly characterized the OPM action from which he appealed as the denial of an application for a disability retirement annuity. ID at 1; PFR File, Tab 1 at 4-5. We modify the initial decision to correct this error. As indicated above, the final decision at issue denied waiver of an alleged overpayment.

# NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.